UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMOND HARRIS,

    Petitioner,

v.                                     CASE NO. 07-13034
                                       HONORABLE STEPHEN J. MURPHY, III

JOHN PRELESNICK,

    Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTIONS FOR
## APPOINTMENT OF COUNSEL AND AN EVIDENTIARY HEARING
## AND
## DIRECTING RESPONDENT TO FILE THE TRANSCRIPT OF TRIAL

Petitioner Demond Harris has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state convictions for assault with intent to do great bodily harm less than murder, armed robbery, and felony firearm. Petitioner's only habeas claim is that his trial attorney was ineffective for failing to call an alleged accomplice as a witness and for failing to elicit evidence that the complaining witness had been arrested for pointing a gun at someone.

Currently pending before the Court are Petitioner's motions for appointment of counsel and for an evidentiary hearing. Petitioner alleges that he cannot retain counsel and that he has limited access to a law library. He would like an attorney to assist him with an investigation and with an evidentiary hearing on his claim of ineffective assistance of trial counsel.

Appointment of counsel in a civil case is discretionary with the District Court, *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992), and "is not appropriate when a *pro se* litigant's claims are frivolous or when the chances of success are extremely slim." *Mars v. Hanberry,* 752 F.2d 254, 256 (6th Cir. 1985) (citations omitted). Although the Court would be required to appoint counsel if an evidentiary hearing were necessary, *see* Rule 8(c) of the Rules Governing Section 2254 Cases, a federal district court generally is prohibited from granting an evidentiary hearing when a habeas petitioner failed to develop the factual basis for his or her claims in state courts. 28 U.S.C. § 2254(e)(2). "In cases where an applicant for federal habeas relief is not barred from obtaining an evidentiary hearing by 28 U.S.C. § 2254(e)(2), the decision to grant such a hearing rests in the discretion of the district court." *Schriro v. Landrigan*, 550 U.S. 465, 127 S. Ct. 1933, 1937 (2007). "Generally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition 'alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing.'" *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001) (quoting *Wilson v. Kemna*, 12 F.3d 145, 146 (8th Cir. 1994)).

Respondent alleges in an answer to the habeas petition that defense counsel's failure to call the alleged accomplice as a defense witness could have been based on counsel's determination that the witness would not have been cooperative or effective. Respondent asserts that an attempt to impeach the complaining witness with evidence of a prior arrest would have been prohibited under the Michigan Rules of Evidence. The Court concludes from these arguments, and from the state court opinions and orders denying relief, that Petitioner's chances of success are slim and that he probably has not

alleged a sufficient ground for release. Accordingly,

**IT IS ORDERED AND ADJUDGED** that Petitioner's motions for an evidentiary hearing and for appointment of counsel [dkt. #11 and #12] are **DENIED**.

Respondent is **ORDERED** to file the transcript of trial within **twenty-one (21) days** of the date of this order.  The Court will reconsider Petitioner's motions, if necessary, after a review of the state court record.  It will not be necessary for Petitioner to renew his motions.


          s/Stephen J. Murphy, III
          STEPHEN J. MURPHY, III
          United States District Judge

Dated:  January 16, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 16, 2009, by electronic and/or ordinary mail.

          s/Alissa Greer
          Case Manager