UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMOND HARRIS,

        Petitioner,

v.                                                      CASE NO. 07-13034

JOHN PRELESNIK,                    HONORABLE STEPHEN J. MURPHY, III

        Respondent.

_____/

**ORDER GRANTING PETITIONER'S RENEWED
MOTION FOR AN EVIDENTIARY HEARING [Dkt. #30] and
GRANTING IN PART THE MOTION TO AMEND THE PETITION [Dkt. #31]**

On July 20, 2007, petitioner Demond Harris filed a *pro se* habeas corpus petition challenging his state convictions for assault with intent to do great bodily harm less than murder, armed robbery, and possession of a firearm during the commission of a felony. He claimed that his trial attorney provided ineffective assistance by failing to investigate and produce Stephen Jones and Phillip Franklin as witnesses at trial and for failing to investigate and show that the complaining witness suffered from mental illness and had been charged with a weapons offense.

Harris moved for appointment of counsel and for an evidentiary hearing, but the Court denied both motions. *See* Dkt. #16, Jan. 16, 2009. On November 6, 2009, the Court vacated that order in part and appointed counsel for Harris. Now pending before the Court are Harris's renewed motion for an evidentiary hearing and his motion for leave to amend his *pro se* habeas petition. The State opposes both motions.

I. The Motion for an Evidentiary Hearing

Harris seeks an evidentiary hearing on his claim that trial counsel was ineffective. A federal habeas court generally may not hold an evidentiary hearing if the petitioner "failed to develop the factual basis of a claim in State court proceedings." 28 U.S.C. § 2254(e)(2). Petitioner is not barred from seeking an evidentiary hearing in this Court because he repeatedly requested an evidentiary hearing in state court and was denied a hearing.

"In cases where an applicant for federal habeas relief is not barred from obtaining an evidentiary hearing by 28 U.S.C. § 2254(e)(2), the decision to grant such a hearing rests in the discretion of the district court." *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474.

The Court believes that Harris is entitled to establish facts supporting his ineffective-assistance-of-counsel claim and that the factual allegations, if true, might entitle him to federal habeas relief. Accordingly, Harris's renewed motion for an evidentiary hearing [Dkt. #30] is **GRANTED**, and the portion of the January 16, 2009 order that denied an evidentiary hearing is **VACATED**. A separate order will issue setting a date for the hearing.

II. The Motion to Amend

Harris seeks to amend his *pro se* petition to raise the following new issues: (1) trial counsel erred by failing to challenge and exclude a biased juror, (2) trial counsel failed to present a defense, and (3) appellate counsel was ineffective for failing to raise these issues on direct appeal. State court remedies for these claims have been exhausted. *See* 28

U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State"); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (explaining that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").[1]

The State, however, opposes Harris's motion to amend. Consequently, Harris may amend his pleading only with the Court's permission. Fed. R. Civ. P. 15(a)(2). The Court "should freely give leave when justice so requires." *Id.*

A one-year statute of limitations applies to habeas claims, *see* 28 U.S.C. § 2244(d), and Harris concedes that the statute of limitations has expired in this case. He also acknowledges that an amended pleading relates back to the date of the initial pleading only in limited circumstances. "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. Proc. 15(c)(1)(B). The Supreme Court has interpreted this rule to mean that "[a]n amended habeas petition . . . does not relate back (and thereby escape

---

[1] Harris has not exhausted state remedies for his claim that trial counsel failed to investigate the complaining witness's background. He has the option of deleting that claim or of returning to state court to further exhaust state remedies. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). The Court may deny relief despite the inclusion of unexhausted claims, 28 U.S.C. §, 2254(b)(2), but "as a general matter, a federal court may not grant a writ even on a 'mixed' petition, 'one containing claims that the petitioner has pressed before the state courts and claims that he has not.'" *Wagner v. Smith*, 581 F.3d 410, 415 (6th Cir. 2009) (quoting *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)).

[the] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). It is not enough that the original and amended claims attack the same trial, conviction, or sentence. *See id.* at 656-56. Relation back is in order only if "the original and amended petitions state claims that are tied to a common core of operative facts." *Id.* at 664.

### A. Trial Counsel

The *pro se* petition alleges ineffective assistance of trial counsel. Two of the amended claims also allege ineffective assistance of trial counsel. The new allegation that trial counsel failed to present a defense is closely related to Harris's initial claim that his attorney failed to investigate and call witnesses. Thus, that claim is not time-barred.

Harris's other new claim about trial counsel – that counsel failure to challenge jurors for bias – asserts a new ground for relief supported by facts that differ in both time and type from those alleged in the *pro se* petition. "[A] petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing *Davenport v. United States*, 217 F.3d 1341, 1346 (11th Cir. 2000), and *United States v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999)). Because the contention that trial counsel was ineffective during *voir dire* is based on an entirely distinct type of attorney misfeasance from the initial claim that counsel failed to investigate and produce witnesses, the new claim is time-barred.

### B. Appellate Counsel

Harris's claim about appellate counsel also is time-barred. Appellate counsel was not the same attorney as the one who represented Harris at trial, and the facts supporting the claim about appellate counsel differ in time and type from the facts supporting the claims about trial counsel. The proposed new claim about appellate counsel is unrelated to the claim asserted in the *pro se* petition and is untimely. *Cox v. Curtin*, __ F. Supp. 2d __, __, No. 1:06-CV-405, 2010 WL 1032750, at *11-12 (W.D. Mich. Mar. 17, 2010); *Romanes v. Sec'y, Dep't of Corr.,* 621 F. Supp.2d 1249, 1266 (M.D. Fla. 2008).

In conclusion, Harris's motion to amend [Dkt. #31] is **GRANTED** in part and **DENIED** in part. It is granted as to the claim about trial counsel's failure to present a defense. It is denied as to the claims about trial counsel's failure to challenge jurors for bias and appellate counsel's failure to raise issues about trial counsel in the appeal of right.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 1, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 1, 2010, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager